```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION


KEITH A. KELLY,

              Plaintiff,

     vs.                            Civil Action 2:15-cv-815
                                    Judge Smith
                                    Magistrate Judge King
OHIO DEPARTMENT OF REHABILITATION
AND CORRECTION, BUREAU OF RECORDS,
OPERATION SUPPORT CENTER,

              Defendant.
```

## REPORT AND RECOMMENDATION

Plaintiff, a former Ohio inmate who is currently detained in the Cook County Jail, brings this civil rights action under 42 U.S.C. § 1983, alleging that Ohio officials lost or mishandled plaintiff's paperwork under the Interstate Agreement on Detainers, resulting in his improper transfer to Illinois. The *Complaint* names only the Ohio Department of Rehabilitation and Correction as a defendant and seeks only monetary damages. This matter is now before the Court for the initial screen of the *Complaint* required by 28 U.S.C. § 1915(e), 1915A.

The Ohio Department of Rehabilitation and Correction is a state agency and, as such, is absolutely immune from claims such as this by virtue of the Eleventh Amendment to the United States Constitution. *See Beil v. Lake Erie Correction Records Dept.*, 282 Fed. Appx. 363, 2008 WL 2434738 (6th Cir. June 13, 2008). *See also Regents of Univ. of*

*Calif. v. Doe*, 519 U.S. 425, 429 (1997)(Eleventh Amendment sovereign immunity applies not only to the states themselves but also to "state agents and instrumentalities"). Moreover, a state agency is not a "person" subject to suit under 42 U.S.C. §1983. *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 70-71 (1989). Plaintiff's claim cannot proceed against this defendant.

It is therefore **RECOMMENDED** that this action be dismissed for lack of subject jurisdiction and for failure to state a claim upon which relief can be granted.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See*, *e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the

2

district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

|  |  |
|---|---|
| March 26, 2015 | s/Norah McCann King<br>Norah M<sup>c</sup>Cann King<br>United States Magistrate Judge |

3